O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | | Date | May 21, 2009 |
|---|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

Plaintiff John Brant is a former employee and current shareholder in the financial planning firm of Kipp, Brant, Drummond & Associates, Inc. ("KBDA"). On December 17, 2008, he filed this action against KBDA and the following individuals: Stephen J. Kipp, KBDA's majority shareholder and Chief Executive Officer; Lynn A. Kipp, Stephen Kipp's wife; Julie A. Pritchard, KBDA's Chief Administrative Officer; and Gary D. Leiper, KBDA's outside accountant. Plaintiff has asserted twelve claims: (1) securities fraud under 15 U.S.C. § 78; (2) intentional misrepresentation; (3) fraudulent concealment; (4) negligent misrepresentation; (5) breach of fiduciary duty; (6) "order annulling fraudulent conveyances;" (7) civil conspiracy; (8) rescission of stock purchase; (9) declaratory relief with respect to Restated Buy-Sell Agreement; (10) declaratory relief with respect to Employment Agreement; (11) declaratory relief concerning the 2008 Compensation Structure; and (12) declaratory relief concerning Plaintiff's inspection rights as a director of KBDA. At the heart of the Complaint is Plaintiff's allegation that Stephen Kipp fraudulently induced him to pay $1,075,000 for shares in KBDA when in reality he intended to strip all value from KBDA and then force Plaintiff to sell his stake in the company at a loss. *See* Compl. ¶¶ 54-55.

On December 24, 2008, Plaintiff filed an *ex parte* application for a temporary restraining order seeking immediate access to KBDA's records. The Court denied the application on December 29, 2008.

Shortly thereafter, Defendants requested an extension of the time to respond to the Complaint. Plaintiff refused. Defendants thus were required to respond by January 7,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

2009. On that day Defendants Stephen Kipp, Lynn Kipp and Julie Pritchard filed a motion to dismiss certain claims and allegations, and Defendant KBDA filed a joinder in that motion. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek dismissal of the claims for securities fraud, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and civil conspiracy. They also seek dismissal of Stephen Kipp from the ninth through twelfth claims for declaratory relief. (See Mot. at 3). Alternatively, they move for a more definite statement with respect to all of these claims under Rule 12(e). Plaintiff filed an opposition to the motion to dismiss and requested that sanctions be imposed on counsel for Defendants Kipp, Kipp, and Pritchard for failure to meet and confer as required by Local Rule 7-3. The Court finds Plaintiff's request for sanctions to be thoroughly meritless in light of Defendants' attempts to meet and confer in the week before the deadline and Plaintiff's counsel's unavailability around the New Year holiday, coupled with his unjustified refusal to agree to a brief extension of time.

Turning to the motion at hand, the Court agrees with Defendants that Plaintiff's first, second, third, fourth, and seven claims fail to satisfy applicable pleading requirements, but finds that the alter ego allegations supporting the ninth through twelfth claims are sufficiently pled. Thus, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss, but with leave to amend.[1] The motion is granted as to the first, second, third, fourth and seventh claims and DENIED as to the ninth through twelfth claims. The Rule 12(e) motion is denied.

## II. STANDARDS GOVERNING RULE 12(b)(6) MOTIONS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

---

[1] Docket No. 24.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

     Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for claims of fraud. Rule 9(b) provides: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) "ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986); *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber*, 806 F.2d at 1401. In addition, the pleader must explain why the alleged statement or omission was false or misleading *when made*. *See In re Glenfed Inc. Securities Litig.*, 42 F.3d 1541, 1548-49 (9th Cir. 1994) (*en banc*). Although a pleader can satisfy this burden by pointing to inconsistent statements contemporaneously made by the defendant or information contemporaneously known to the defendant, the fact that the defendant's previous statement is different from his subsequent statement or conduct is *not* a satisfactory explanation for why the defendant's previous statement was false. *Id.* at 1548-49; *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1153 (S.D. Cal. 2001) ("As a consequence of [Rule 9(b)], the plaintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

conflicts with the current state of affairs, and then concluding that the statement in question was false when made.")

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### III. DISCUSSION

#### A. First Claim for Relief: Securities Fraud

In his capacity as a purchaser of shares in KBDA Plaintiff alleges that Defendants Stephen Kipp and KBDA committed securities fraud in violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 [17 C.F.R. § 240.10b-5(c)]. A Rule 10b-5 claim has five elements: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

causation, and (5) economic loss. *In re Daou Systems, Inc. Securities Litigation*, 411 F.3d 1006, 1014 (9th Cir. 2005). The Ninth Circuit recently clarified the pleading requirements for a Rule 10b-5 claim:

> At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA [the Private Securities Litigation Reform Act] .
>
> Federal Rule of Civil Procedure 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." This requirement has long been applied to securities fraud complaints. Accordingly, before 1995 we required "falsity" to be pled with particularity, and "scienter" to be alleged generally.
>
> All securities fraud complaints since 1995, however, are subject to the more exacting pleading requirements of the PSLRA, which "significantly altered pleading requirements" in securities fraud cases. The PSLRA amended the Securities Exchange Act to require that a complaint "plead with particularity both falsity and scienter." Thus, to properly allege falsity, a securities fraud complaint must now "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, ... state with particularity all facts on which that belief is formed" [quoting 15 U.S.C. § 78u-4(b)(1)]. To adequately plead scienter, the complaint must now "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990-91 (9th Cir. 2009) (citations omitted). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2510 (2007), the Supreme Court defined "strong inference" to mean an inference that a reasonable person would deem as "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Following *Tellabs*, Ninth Circuit **has** set forth the methodology for evaluating allegations of scienter, a "dual inquiry" whereby

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

the court first determines "whether any of the plaintiff's allegations, standing alone, are sufficient to create a strong inference of scienter" and, if no individual allegations are sufficient, then "conduct[s] a 'holistic' review of the same allegations to determine whether the insufficient allegations combine to create a strong inference of intentional conduct or deliberate recklessness." *Zucco Partners*, 552 F.3d at 992.

<u>1. Failure to specify misleading statements and to sufficiently plead scienter.</u>

The securities fraud claim fails to satisfy the heightened pleading requirements of the PSLRA. First and foremost, Plaintiff did not even "specify" which statements were misleading. 15 U.S.C. §§ 78u-4(b)(1). He simply listed the representations that Kipp made to him in 2005, then later alleged that Kipp and KBDA made untrue statements and omitted material facts. *See* Compl. ¶¶ 12, 53.

Second, the facts Plaintiff alleges fail to support a "strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In the section of the Complaint where he attempts to plead a securities fraud claim, Plaintiff alleges that Kipp and KBDA "acted intentionally and/or with conscious recklessness in perpetrating their plan, scheme, unlawful conduct and fraud," Compl. ¶ 56, referring to Kipp's scheme to bleed KBDA of its value and eventually force Plaintiff out. This allegation is based on representations that Stephen Kipp allegedly made in early 2005 that led to Plaintiff's decision to purchase shares in KBDA, including the following: (a) Kipp needed $500,000 to pay the tax liabilities of a predecessor to KBDA, Complete Retirement Management; (b) Plaintiff's shares would be worth at least $2,000 each; (c) he would not allow Plaintiff to lose money on his investment; (d) he would not make decisions regarding KBDA's day-to-day operations without Plaintiff's consent; (e) he would make complete disclosures to Plaintiff regarding all aspects of the company and its finances; and (f) he had "learned his lesson" and would not do anything to expose the company or its shareholders to tax liability. Compl. ¶ 12.

Plaintiff concedes that none of his allegations standing alone creates a "strong inference" that Kipp's representations were fraudulent at the time he made them in 2005. He argues that a "holistic view" of all of the allegations supports a strong inference of scienter, relying on the following allegations:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

- Several weeks before he filed this action (that would be November 2008), Plaintiff "discovered information that leads him to believe that" Kipp "used Plaintiff's $500,000 pay personal and corporate taxes," that Kipp obtained a corporate tax refund of $297,677.94 and pocketed it without consulting Plaintiff, and that Kipp had KBDA book Plaintiff's total investment as $500,000 rather than $1,075,000. Compl. ¶ 15. (Plaintiff does not allege when Kipp was doing this.)
- In November 2007 he "started discovering facts that he is informed and believe show that [Stephen Kipp] had intended to defraud him from the very beginning." Compl. ¶ 23. That same month, in discussing another shareholder's use of KBDA funds to pay personal expenses, Kipp had told him that it was not appropriate for shareholders to do that. *Id.* ¶ 24. Yet, Plaintiff discovered, Kipp had been using corporate funds to pay his own personal expenses, such as leasing expensive cars for his wife, paying his wife's personal credit card charges, and paying for cell phones for himself, his wife, and their son. *Id.* ¶ 25. (Plaintiff does not allege when Kipp was doing this.)
- In 2008, Kipp, along with Julie Pritchard, took many actions to waste KBDA's capital. Kipp made expensive hiring decisions without Plaintiff's approval, Kipp used significant amounts of company money to pay for personal expenses, and Kipp and Pritchard borrowed against KBDA's credit lines to pay Kipp a hefty bonus. *See* Compl. ¶¶ 29-42. (Plaintiff does not indicate when Kipp allegedly did these things.) All this time, Kipp and Pritchard prevented him from obtaining information about KBDA's finances. Compl. ¶ 32.

For all the reasons stated in Defendants' motion and reply, these allegations do not support a "strong inference" that in 2005 Kipp "made false or misleading statements either intentionally or with deliberate recklessness" when he asked Plaintiff to invest in KBDA. *Zucco Partners*, 552 F.3d at 991. Plaintiff does not allege that contemporaneous with or immediately after his representations to Plaintiff Kipp took actions contrary to his representations. Indeed, he does not even allege *when* many of Kipp's alleged misconduct occurred. For example, in paragraph 15 he does not allege when Kipp made the $500,000 tax payment and when KBDA booked Plaintiff's total investment as $500,000 rather than $1,075,000. Moreover, his allegations support the opposite inference. Paragraph 14 states that Kipp confirmed in board minutes dated July 15, 2005 that $500,000 of Plaintiff's investment would be used to pay the company's tax obligations, and that Plaintiff had paid $1,075,000 for his shares. That confirmation could support either the inference that Kipp's representations in early 2005 were made

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

honestly and in good faith, or the inference that Kipp was lying or deliberately reckless before July 2005, and was merely keeping up the ruse in July 2005. Which inference is stronger depends on the specific circumstances, particularly the timing of the actual tax payment and the accounting made in KBDA's books. Also inadequate is the allegation that Plaintiff was falsely assured that he would not lose money on his investment. As Defendants point out, the Buy-Sell Agreement executed on December 31, 2005 (Compl., Ex. 1, ¶ 3.2.2) valued each of Plaintiff's shares at $2,000, consistent with Kipp's earlier representation that Plaintiff's shares would be worth at least $2,000 each. The fact that the shares decreased in value two or three years later, possibly as a result of various questionable financial practices and decisions, does not compel the "strong inference" that Kipp had intended from the beginning to depress the value of the shares.

### 2. Sufficient pleading of economic loss and loss causation.

Plaintiff has adequately pled loss causation. Loss causation is not subject to a heightened pleading standard. *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (applying Rule 8(a)(2) pleading requirements to loss causation). A plaintiff in a securities fraud action must provide the defendant "with notice of what the relevant economic loss might be [and] of what the causal connection might be between that loss and the [alleged] misrepresentations. *Id.* at 347.

Plaintiff alleges that Defendants Kipp and KBDA "fraudulently induced [him] to pay $1,075,000 for stock that essentially was valueless" because Kipp intended from the beginning to enrich himself at Plaintiff's and KBDA's expense. Compl. ¶ 54. In 2008, Defendants carried out their planned scheme by taking actions to intentionally drive down the value of his shares. Compl. ¶¶ 30, 38, 54. As a "direct and proximate result of the acts and omissions of Defendants" Plaintiff's investment was "significantly different from" and "significantly riskier than" the one that Defendants represented to him. *Id.* ¶ 58. Finally, he claims damages of not less than $1,075,000. *Id.* ¶ 59. These allegations give adequate notice of the nature of the loss he suffered and its causal connection to the alleged misrepresentations, unlike a bare allegation of an inflated purchase price. *See Dura*, 544 U.S. at 342-43 (explaining that an allegation of an inflated share price alone does not suffice to meet the loss and loss causation requirements because many factors other than the alleged misrepresentation may affect the price of shares).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

<u>3. Insufficient allegations that Kipp was acting as an agent of KBDA.</u>

Defendants argue that the securities fraud claim against KBDA (in the first claim for relief) must be dismissed because Plaintiff has not alleged that Kipp was acting as agent of KBDA. The Court agrees. Plaintiff has attempted to plead an alter ego relationship between Kipp and KBDA, not an agency relationship. *See* Compl. ¶ 2. Indeed, Plaintiff alleges that "Kipp never intended to observe his fiduciary duties to Plaintiff or KBDA" and in fact Kipp intended to enrich himself at Plaintiff's and KBDA's expense. *Id.* ¶ 54. These allegations are inconsistent with the notion that Kipp was acting on behalf of KBDA. Therefore, the securities fraud claim against KBDA fails.

**B.  Second, Third and Fourth Claims for Relief: Intentional Misrepresentation, Fraudulent Concealment and Negligent Misrepresentation**

Plaintiff's second and third and fourth claims fail because the Complaint does not allege Stephen Kipp's knowledge of falsity and intent to defraud with the particularity required by Rule 9(b) missing. His fourth claim, for negligent misrepresentation, is similarly inadequate; the Complaint does not allege which representations were knowingly false or made without reasonable grounds for believing them to be true. Finally, as with the securities fraud claim, these claims against KBDA fail because Plaintiff has not alleged that Kipp acted as KBDA's agent.

**C.  Seventh Claim for Relief: Civil Conspiracy**

On information and belief, Plaintiff alleges that all four of the individual defendants "conspired and agreed to" force him out of KBDA, to artificially decrease the value of his shares, and to generate false and misleading books and records and otherwise alter KBDA's books and records to aid their conspiracy. Compl. ¶ 93. He further alleges on information and belief that Stephen Kipp, Lynn Kipp, and Julie Pritchard (but not Gary Leiper) conspired to form a new corporation for the purpose of evading and defrauding their creditors, including Plaintiff and the lenders on KBDA's lines of credit. *Id.* ¶ 95.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

    Plaintiff's conspiracy claim fails because he fails to adequately allege an agreement among the defendants to do any of those things. He pleads no facts supporting the existence of an agreement between any of the individual defendants. He makes no specific factual allegations pertaining to Lynn Kipp at all. The conclusory allegation that the defendants "conspired and agreed to" do certain things, including defraud Plaintiff, is insufficient even under the notice pleading of Rule 8(a), much less the heightened standard of Rule 9(b) which applies to the conspiracy to commit fraud claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

### D.    Ninth Through Twelfth Claims Against Stephen Kipp

    Defendants seek dismissal of Stephen Kipp as a defendant on the ninth through twelfth claims for relief, because those claims are based on the allegation that Kipp is an alter ego of KBDA. They argue that Plaintiff failed to allege any facts to support the allegation that there is a unity of interest and ownership between Kipp and KBDA and that inequitable results would follow if the acts are treated as those of the corporation alone. The Court disagrees. Paragraph 2 of the Complaint alleges, albeit in near-conclusory terms, that Kipp treats the assets of KBDA as his own, that he has commingled funds with KBDA, that he controls KBDA's finances, and that KBDA is inadequately capitalized.

### IV.    CONCLUSION

    For the foregoing reasons, the Court grants the motion to dismiss the claims against Stephen Kipp and KBDA for securities fraud, intentional misrepresentation, fraudulent concealment, and negligent misrepresentation, as well as the claim against Stephen Kipp, Lynn Kipp, Julie Pritchard and Gary Leiper for civil conspiracy. The Court denies the motion to dismiss the alter ego claims against Stephen Kipp in the ninth through twelfth claims. Plaintiff may file a First Amended Complaint to amend the pleading deficiencies, but he must do so by June 8, 2009. Failure to timely file a First Amended Complaint will

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8320 AHM (RZx) | Date | May 21, 2009 |
|---|---|---|---|
| Title | JOHN BRANT v. STEPHEN J. KIPP, *et al.* | | |

result in the Court dismissing those claims with prejudice.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |